AO 106 (Rev. 04/10)  Application for a Search Warrant (Modified: WAWD 2-12-2020)

# UNITED STATES DISTRICT COURT
### for the
### Western District of Washington

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| | ) | MJ22-187 |
| Information associated with One (1) Target | ) | Case No. |
| Accounts/Identifiers, for Investigation of 18 | ) | |
| U.S.C. § 3583 & 3606 Other Offenses | ) | |

## APPLICATION FOR A SEARCH WARRANT AND PEN-TRAP ORDER

I, a federal law enforcement officer or an attorney for the government, request a search warrant and pen-trap order, and state under penalty of perjury that I have reason to believe that on the person or property described in Attachment A, located in the Western District of Washington and elsewhere, there is now concealed property and evidence described in Attachment B. This Court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

The basis for the search under Fed. R. Crip P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 3583 & 3606 | Federal Probation Violation & Arrest Warrant |

The application is based on the facts set forth in the attached affidavit, which is incorporated herein by reference with all attachments and exhibits.  Pursuant to 18 U.S.C. § 3123(a)(1), Exhibit 1 to the affidavit includes a certification from an attorney from the government that the requested information is relevant to an ongoing criminal investigation.

Pursuant to Fed. R. Crim. P. 41, this warrant is presented by:

☒ by reliable electronic means; or ☐ telephonically recorded

_____
*Applicant's signature*

Christopher Miranda, HSI Special Agent
*Printed name and title*

☐ The foregoing affidavit was sworn before me and signed in my presence, or
☒ The above-named officer provided a sworn statement attesting to the truth or the foregoing affidavit by telephone.

Date: April 29, 2022

_____
*Judge's signature*

Brian A. Tsuchida, United States Magistrate Judge
*Printed name and title*

City and state: Seattle, Washington

USAO 2016R00579

## <u>ATTACHMENT A</u>

**Property to Be Searched**

This warrant applies to information associated with Facebook account ID number 100010284515406 (the "Account") that is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc. ("Meta"), a United States company that owns and operates the social media platform Facebook and is headquartered at 1601 Willow Road, Menlo Park, California.

# ATTACHMENT B

## Particular Things to be Seized

**I.      Information to be disclosed by Meta Platform, Inc. ("Meta")**

To the extent that the information described in Attachment A is within the

possession, custody, or control of Meta, regardless of whether such information is located

within or outside of the United States, and including any information that has been

deleted but is still available to Meta, or has been preserved pursuant to a request made

under 18 U.S.C. § 2703(f), Meta is required to disclose the following information to the

government for each account or identifier listed in Attachment A:

A.      The following information about the customers or subscribers of the
Account, from the date the Account was created to the present, unless
specified otherwise below:

1.      Names (including subscriber names, user names, and screen names);

2.      Addresses (including mailing addresses, service addresses,
residential addresses, business addresses, and e-mail addresses);

3.      Local and long distance telephone connection records (including
records of text messages sent and received) from October 14, 2021,
to the present, if applicable;

4.      Records of session times and durations from October 14, 2021, to
the present;

5.      Length of service (including start date) and types of service utilized;

6.      Telephone or instrument numbers (including model type/numbers,
phone numbers, IMSIs, IMEIs, MEIDs, UDIDs, MAC addresses,
and advertising IDs);

7.      Other subscriber numbers or identities, including any temporarily
assigned network addresses (including the registration and session

Internet Protocol ("IP") addresses with associated port numbers); and

8.    Means and source of payment for such service (including any credit card or bank account number).

B.    All geolocation information, including Location History, for a period of 30 days, during all times of day and night, produced on a real-time or near-real-time basis.

C.    All geolocation information, including Location History, from October 14, 2021, to the present.

**II.    Information to be seized by the government**

All information described above in Section I that will assist in arresting DION HOOKS, a federal fugitive and who is the subject of a federal arrest warrant issued on or about October 14, 2021, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

**AFFIDAVIT**

STATE OF WASHINGTON        )

                           )        ss

COUNTY OF KING             )


        I, CHRISTOPHER MIRANDA, being duly sworn on oath, depose and state:

## INTRODUCTION AND AGENT BACKGROUND

        1.      I make this affidavit in support of an application for a search warrant for information associated with Facebook Account ID number: 100010284515406 that is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc. ("Meta), a United States company that owns and operates the social media platform Facebook and is the provider of an electronic communication service as defined by 18 U.S.C. §§ 3127(1) and 2510, Inc., and is headquartered in Menlo Park, California.  This account is referred to as the **"SUBJECT ACCOUNT"**.  The information to be searched is described in the following paragraphs and in Attachment A.  This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Meta to disclose to the government copies of the information (including geolocation information) further described in Section I of Attachment B.  Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

        2.      For the reasons set forth below, the **SUBJECT ACCOUNT** is suspected to have been utilized by Dion Hooks (DOB xx-xx-1992). On June 13, 2017, Hooks was sentenced to 60 months for Felon in Possession of a Firearm, Possession of Marijuana with Intent to Distribute, and Possession of a Firearm in Furtherance of Drug Trafficking. Hooks commenced federal supervision on or about November 20, 2020. Hooks has been a wanted fugitive since October 14, 2021, pursuant to 18 U.S.C. 3583 and 3606.

AFFIDAVIT OF SA MIRANDA - 1
USAO 2016R00579

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

ECPA

1

2      3.      The Court has jurisdiction to issue the proposed warrant under the

3  Electronic Communications Privacy Act (ECPA), 18 U.S.C. §§ 2701-2713, because it is

4  a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711.  Specifically, the

5  Court is a district court of the United States that has jurisdiction over the offense being

6  investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

7                              Pen Register Act

8      4.      Because this warrant seeks the prospective collection of information that

9  falls within the statutory definitions of information collected by a "pen register" and/or

10  "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed

11  to comply with the Pen Register Act, 18 U.S.C. §§ 3121-3127.

12      5.      The Court has jurisdiction to issue the requested pen-trap order because it is

13  a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2).  Specifically, the Court

14  is a district court of the United States that "has jurisdiction over the offense being

15  investigated." 18 U.S.C. § 3127(2)(A)(i).

16      6.      This application includes all the information required by the Pen Register

17  Act.  *See* 18 U.S.C. §§ 3122(b) & 3123(a)(1).  Namely, Exhibit 1 to this application is a

18  certification from Assistant United States Attorney Stephen Hobbs that (1) identifies HSI

19  as the law enforcement agency conducting the investigation and (2) certifies the

20  information likely to be obtained is relevant to an ongoing criminal investigation being

21  conducted by that agency.  18 U.S.C. § 3122(b).  The Assistant United States Attorney is

22  an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of

23  Criminal Procedure.

24      7.      A "pen register" is "a device or process which records or decodes dialing,

25  routing, addressing, or signaling information transmitted by an instrument or facility from

26  which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3).  A "trap

27  and trace device" is "a device or process which captures the incoming electronic or other

28  impulses which identify the originating number or other dialing, routing, addressing, and

AFFIDAVIT OF SA MIRANDA - 2
USAO 2016R00579

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

8.     In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls.  Similar principles apply to other kinds of wire and electronic communications such as emails, text messages, connection logs, and data transfers.  The prospective location data sought in this application constitutes "dialing, routing, addressing, and signaling information" covered by the Pen Register Act.  Accordingly, the requested warrant will record, decode, and/or capture dialing, routing, addressing, and signaling information associated with the Target Cell Phone without geographic limit.

9.     The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order through Attachment B of the requested warrant that Meta and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this warrant furnish, upon service of the warrant, information, facilities, and technical assistance necessary to install the pen/trap, including installation and operation of the pen-trap unobtrusively and with minimum disruption of normal service.  Any entity providing such assistance shall be reasonably compensated by the HSI, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of the warrant.

10.     **Through this application, the United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).**

11.     I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7).  Specifically, I am a Special Agent (SA) with Homeland Security Investigations ("HSI") within the United States Department of Homeland Security (DHS).  I have been a Special Agent with Homeland Security Investigations (HSI) since 2020 and am currently assigned to the Human Trafficking group in Seattle, WA. Prior to transferring to Seattle, I was assigned

AFFIDAVIT OF SA MIRANDA - 3
USAO 2016R00579

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  to the Gang Investigations group in Charlotte, NC where I conducted criminal

2  investigations on both foreign and domestic gangs. These investigations consisted of

3  narcotic trafficking, human trafficking, weapons related offenses, violent crime, and

4  money laundering. Prior to joining HSI, I was a police officer with the Charlotte-

5  Mecklenburg Police Department for almost eight (8) years where I spent most of my

6  career assigned to Street-Crime Investigations. Street-Crime Investigations were focused

7  on narcotics, gang members and violent offenders. During my law enforcement career, I

8  have both applied for and served hundreds of arrest and search warrants related to a wide

9  array of both state and federal criminal investigations. I have also attended numerous

10  advanced investigation courses in the fields of Human Trafficking, Drug Trafficking,

11  Gang Investigations, Cyber Investigations, and Social Media Investigations to enhance

12  investigative techniques. I have implemented social media investigation techniques with

13  my criminal investigations for years and know that many individuals message privately

14  on social media platforms discussing criminal activity, and in this specific case, can avoid

15  apprehension by the use private messaging through Facebook as this communication can

16  go undetected by law enforcement.

17        12.    This affidavit is made based upon my personal knowledge, training,

18  experience, and investigation, as well as upon information provided to me and my review

19  of reports prepared by other law enforcement personnel.  This affidavit is made for the

20  purpose of establishing probable cause and thus does not include each and every fact

21  known to me concerning this investigation.

22        13.    Based on the facts set forth in this affidavit, there is probable cause to

23  believe that Dion Hooks has violated 18 U.S.C. 3583 and 3606. Hooks is the subject of

24  an arrest warrant issued on or about October 14, 2021. There is also probable cause to

25  believe that the location information described in Attachment B will assist law

26  enforcement in arresting Hooks who is a "person to be arrested" within the meaning of

27  Federal Rule of Criminal Procedure 41(c)(4).

28  //

AFFIDAVIT OF SA MIRANDA - 4
USAO 2016R00579

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**JURISDICTION**

14.     This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711.  18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A).  Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

**SUMMARY OF PROBABLE CAUSE**

15.     On June 13, 2017, Hooks was sentenced by the Hon. Robert S. Lasnik, in the Western District of Washington, to 60 months incarceration for the crimes of Felon in Possession of a Firearm, Possession of Marijuana with Intent to Distribute, and Possession of a Firearm in Furtherance of Drug Trafficking. Hooks commenced federal supervision on or about November 20, 2020. Hooks is currently wanted on a full extradition warrant for Federal Probation Violation out of the Western District of Washington. The warrant was entered October 14, 2021 (NIC W754914492). The violations that led to the issuance of the warrant include failing to report for drug testing, failing to participate in substance abuse disorder treatment, failing to patriate in mental health treatment, and failing to report a change in living arrangements.

16.     In September 2021, Homeland Security Investigations (HSI) Seattle, received information from the Bellevue Police Department (BPD) along with Washington Department of Corrections (DOC) that a known gang based out of Seattle is suspected to be involved in human trafficking. The gang is self-identified as the West Side Street Mobb (WSSM), a Bloods criminal street gang subset. The WSSM was previously investigated in 2009 for sex trafficking. This investigation resulted in the recovery of twenty victims, five of which were juveniles, and the criminal prosecution of ten WSSM gang members. Recent local police reports have documented that previously convicted WSSM members have since been released and are suspected of continued involvement in sex trafficking in Washington, Oregon, and California.

17.     During the course of this investigation, I have located many confirmed WSSM members on both Instagram and Facebook. These identified social media

accounts appear to be frequented and updated regularly and often post explicitly about "pimping" and "hoes". I know, based upon my training and experience, that many individuals message privately on social media platforms discussing criminal activity and seek to avoid apprehension by the use private messaging through Facebook as this communication can go undetected by law enforcement.

18.     In April of 2022, I located social media profiles for Dion Hooks on Facebook and Instagram. On both social media platforms, pictures are posted which self-identify Hooks to be a member of the West Side Street Mobb (WSSM) criminal street gang.

19.     There are two (2) Instagram accounts associated to Hooks. The first has a profile name of "fattcash24" and this account is listed as "private". The second Instagram account has the profile name "dhooks24". The "dhooks24" account is public and pictures can be viewed that are posted. On April 15, 2018, a picture was posted on this account that appears to have been taken in prison and displays Hooks shaking hands with an unidentified black male with the caption "It's a MOBB thang" "#brotha""#2Bz". "MOBB" is in reference to the West Side Street Mobb gang and gang members frequently refer to other members as "brothers" or "brotha".

20.     Another picture on the "dhooks24" Instagram account was posted on April 7, 2021. This picture is of Hooks standing on the trunk of a Black Audi A7 displaying a Washington temporary license. The caption states "They took the A6 some years ago. Came home and grabbed the A7 they can't have this one". After conducting surveillance on several potential addresses for Hooks, I believe that this picture was taken at 5300 Glenwood Ave Unit P1, Everett, WA.

21.     The 5300 Glenwood Ave Unit P1, Everett, WA address is the current address for AV1 (xx/xx/1989). I located a commercial sex ad on the commercial sex advertisement website Megapersonals.com for AV1 posted on October 16, 2020, for the Seattle, Washington, area under the moniker "Taylor". I believe, based on my training

AFFIDAVIT OF SA MIRANDA - 6
USAO 2016R00579

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   and experience, that it is possible that Hooks is associated with AV1 and – consistent

2   with the known activity of the WSSM – may be engaged in human trafficking.

3        22.     I have also located a Facebook account for Hooks. This account name is

4   "Fatt Cash" and displays the same profile picture as the Instagram account of

5   "fattcash24".  The Facebook ID number is 100010284515406. This is the **SUBJECT**

6   **ACCOUNT**.

7        23.     The **SUBJECT ACCOUNT** is active with "posts" almost daily since

8   February 6, 2022. The most recent "post" occurred on April 26, 2022, at approximately

9   10:00am.

10       24.     One of the most recently posted pictures on the **SUBJECT ACCOUNT** is

11  dated July, 19, 2021, and was posted by Facebook user "Cashinternash Clark".

12  "Cashinternash Clark" has been identified as the Facebook account of Deshawn Clark,

13  one of the founders of WSSM. The picture is of approximately fifteen (15) black males,

14  to include Hooks, many of whom have been previously identified as WSSM members.

15       25.     From my training and experience, I am aware that Facebook allows users to

16  make "posts" private or public. "Private posts" can typically only be seen by other

17  Facebook "friends". Many of the **SUBJECT ACCOUNT** "posts" have comments in the

18  comment section stating "make shareable" or requesting the post be made public. This

19  further adds to the fact that the **SUBJECT ACCOUNT** is potentially attempting to hide

20  certain pictures and posts that may lead to his location and apprehension. Specifically on

21  November 11, 2021, the **SUBJECT ACCOUNT** posted "Only time I'm hidin is from the

22  law, aint't a human that can make me go into hibernation". Hooks is blatantly stating he

23  is hiding from law enforcement and suggests he is aware of his fugitive status.

24       26.     From my training and experience, I am also aware that suspects involved in

25  criminal activity also rely on Facebook messenger to discuss addresses, contact

26  information, and criminal activity as no one but the sender and receiver of the messages

27  have access to the information. This is often referred to as a "DM" or direct message.

28  This specific term is mentioned on a "post" that the **SUBJECT ACCOUNT** is tagged in

from December 24, 2021, by the previously mentioned Deshawn Clark. The message states "Christmas function will be @3 at the lounge. Family be on time lol. Dm me for addy let's turnup". This is just one specific example where addresses are only shared through Facebook messenger.

## BACKGROUND CONCERNING META & FACEBOOK[1]

27.     Meta Platforms, Inc. ("Meta") is a United States company that owns and operates the social media platform Facebook and is the provider of an electronic communication service as defined by 18 U.S.C. §§ 3127(1) and 2510.

28.     Users can access Facebook and register for an account, like the target account listed in Attachment A, via its website (facebook.com) or via its mobile applications (Facebook and Facebook Messenger).  Each Facebook account is assigned a unique user ID number and may also be associated with a user-created username.  Users can periodically change their usernames but no two users can have the same username at the same time.

29.     Facebook users can create, view, share, and interact with news, images, videos, and other information, and can communicate in real-time with other users through text, voice, and video messaging.  Accounts can also be used for event planning, buying and selling items, payments, gaming, fundraising, and to interact with groups, businesses, and other online platforms.

30.     Meta uses information about the location of its users for business purposes and to enhance the functionality of its platform, such as to personalize and target advertisements, display local news stories, suggest nearby events, and detect suspicious account activity.  Location determinations are informed by connection records, device-

---

[1] The information in this section is based on my training and experience, and on information published by Facebook on its website, including, but not limited to, the following webpages: https://www.facebook.com/policy.php ("Data Policy"); https://www.facebook.com/about/basics/manage-your-privacy/location ("Location"); https://www.facebook.com/help/278928889350358 ("How do Facebook's Location Settings work?"); and https://www.facebook.com/help ("Help Center").

1    based data, and user-generated information.  Examples include IP addresses, Global

2    Position System ("GPS") data, photo metadata, "check-ins," and event responses.

3         31.    Meta collects geolocation data from a user's device, which it refers to as

4    "precise location information," if each of the following conditions are met.  First, the

5    Facebook mobile application must be installed on the device.  Second, a user of that

6    device must have granted "permission" through the device's operating system for the

7    mobile application to receive and transmit location data (permission may be conditioned

8    on active use of the mobile application).  Third, a user of that device must have enabled

9    "location services" through the device's operating system.  Fourth, the mobile application

10   must be logged into a Facebook account and, if required by the permission or other

11   settings, in active use.  The geolocation information obtained by Meta when these

12   conditions are met will usually be based on GPS data but in some instances may derive

13   from other sources.

14        32.    Meta retains the geolocation information it collects if the "Location

15   History" setting is enabled for the underlying account, and it refers to the resulting data as

16   an account's "Location History."  Users can view and delete their Location History,

17   which is otherwise retained indefinitely.

18        33.    Location History is produced to law enforcement on an historical or

19   prospective basis as a series of datapoints, each consisting of a latitude, longitude, and

20   timestamp.  The proposed search warrant seeks the historical and prospective production

21   of geolocation information collected and retained by Meta in the normal course of

22   business.

23        **AUTHORIZATION REQUEST**

24        34.    Based on the foregoing, I request that the Court issue the proposed search

25   warrant and pen-trap order, pursuant to Federal Rule of Criminal Procedure 41, 18 U.S.C.

26   § 2703(c), and 18 U.S.C. § 3123.

27        35.    I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of

28   Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to

AFFIDAVIT OF SA MIRANDA - 9
USAO 2016R00579

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

delay notice to the subscriber or user of the **SUBJECT ACCOUNT** until 90 days after the collection authorized by the warrant has been completed.  There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the **SUBJECT ACCOUNT** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution.  *See* 18 U.S.C. § 3103a(b)(1).  As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property.  *See* 18 U.S.C. § 3103a(b)(2).  Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above.  *See* 18 U.S.C. § 3103a(b)(2).

36.     I further request that the Court direct Meta to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Meta.  I also request that the Court direct Meta to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Meta's services, including by initiating a signal to determine the location of the **SUBJECT ACCOUNT** with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The agency shall reasonably compensate Meta for reasonable expenses incurred in furnishing such facilities or assistance.

37.     Pursuant to 18 U.S.C. § 2703(g), the government will execute this warrant by serving the warrant on Meta.  Because the warrant will be served on Meta, who will then compile the requested records and data, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.  I therefore request that

AFFIDAVIT OF SA MIRANDA - 10
USAO 2016R00579

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  the Court authorize execution of the warrant at any time of day or night, owing to the

2  potential need to locate the Target Cell Phone outside of daytime hours.

3  **REQUEST FOR SEALING**

4  38.     I further request that the Court order that all papers in support of this

5  application, including the affidavit and search warrant, be sealed until further order of the

6  Court.  These documents discuss an ongoing criminal investigation that is neither public

7  nor known to all of the targets of the investigation.  Accordingly, there is good cause to

8  seal these documents because their premature disclosure may give targets an opportunity

9  to flee/continue flight from prosecution, destroy or tamper with evidence, change patterns

10  of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

11

12

13  Christopher Miranda, Affiant

14  Special Agent, HSI

15

16      The above-named agent provided a sworn statement attesting to the truth of the

   foregoing affidavit by telephone this 29th day of April, 2022.

17

18

19  BRIAN A. TSUCHIDA

20  United States Magistrate Judge

21

22

23

24

25

26

27

28

AFFIDAVIT OF SA MIRANDA - 11
USAO 2016R00579

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**EXHIBIT 1**

<u>DECLARATION</u>

I, STEPHEN HOBBS, declare as follows:

1.      I am a duly appointed Assistant United States Attorney for the Western District of Washington, and I have primary responsibility for representing the interests of the United States herein.

2.      I make this declaration in support of an application for a search warrant pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) with an integrated pen-trap order pursuant to 18 U.S.C. §§ 3122 and 3123.

3.      Pursuant to 18 U.S.C. § 3122(b), I certify that HSI is the law enforcement agency conducting the investigation in this matter and that the information likely to be obtained from the requested warrant is relevant to an ongoing criminal investigation being conducted by that agency to locate a federal fugitive.

4.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing Application is made on the basis of information officially furnished, and on that basis I verily believe such information to be true.

Executed this 29th day of April, 2022.

*s/ Stephen Hobbs*
STEPHEN HOBBS
Assistant United States Attorney

EXHIBIT 1
Page 1 of 1
USAO 2016R00579

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## <u>ATTACHMENT A</u>

### Property to Be Searched

This warrant applies to information associated with Facebook account ID number 100010284515406 (the "Account") that is stored at premises owned, maintained, controlled, or operated by Meta Platforms, Inc. ("Meta"), a United States company that owns and operates the social media platform Facebook and is headquartered at 1601 Willow Road, Menlo Park, California.

**ATTACHMENT B**

**Particular Things to be Seized**

I.      **Information to be disclosed by Meta Platform, Inc. ("Meta")**

To the extent that the information described in Attachment A is within the

possession, custody, or control of Meta, regardless of whether such information is located

within or outside of the United States, and including any information that has been

deleted but is still available to Meta, or has been preserved pursuant to a request made

under 18 U.S.C. § 2703(f), Meta is required to disclose the following information to the

government for each account or identifier listed in Attachment A:

A.      The following information about the customers or subscribers of the
        Account, from the date the Account was created to the present, unless
        specified otherwise below:

1.      Names (including subscriber names, user names, and screen names);

2.      Addresses (including mailing addresses, service addresses,
        residential addresses, business addresses, and e-mail addresses);

3.      Local and long distance telephone connection records (including
        records of text messages sent and received) from October 14, 2021,
        to the present, if applicable;

4.      Records of session times and durations from October 14, 2021, to
        the present;

5.      Length of service (including start date) and types of service utilized;

6.      Telephone or instrument numbers (including model type/numbers,
        phone numbers, IMSIs, IMEIs, MEIDs, UDIDs, MAC addresses,
        and advertising IDs);

7.      Other subscriber numbers or identities, including any temporarily
        assigned network addresses (including the registration and session

Internet Protocol ("IP") addresses with associated port numbers); and

8.   Means and source of payment for such service (including any credit card or bank account number).

B.   All geolocation information, including Location History, for a period of 30 days, during all times of day and night, produced on a real-time or near-real-time basis.

C.   All geolocation information, including Location History, from October 14, 2021, to the present.

**II.    Information to be seized by the government**

All information described above in Section I that will assist in arresting DION HOOKS, a federal fugitive and who is the subject of a federal arrest warrant issued on or about October 14, 2021, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

ATTACHMENT B
PAGE 2 of 2
USAO 2016R00579

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970